Harold LAVELY, Claimant/Respondent,

v.

QUICK ERECTORS, INC.,
Employer/Appellant,

and

Treasurer of the State of Missouri as Custodian of the Second Injury Fund, Appellant.

No. 58948.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 18, 1991.

John F. Sander, St. Louis, for employer-appellant.

William E. Roussin, Andrew M. Marty, Chesterfield, for appellant.

John J. Larsen, Jr., St. Louis, for claimant-respondent.

CRIST, Judge.

Workers' compensation case affirmed.

Employee, Harold Lavely, injured his back on November 2, 1987, while employed as an ironworker. Employee had previously sustained numerous injuries to his body,

including a lower back injury in 1982. Employee received a settlement for this work-related injury based on a twenty percent permanent partial disability rating.

Employee filed his claim for workers' compensation against employer/insurer and the Second Injury Fund on July 18, 1988. At the hearing, the Administrative Law Judge found employee totally and permanently disabled as a result of the November 1987 accident. He then dismissed the claim against the Second Injury Fund. The Labor and Industrial Relations Commission modified the award, finding that employee suffered a pre-existing industrial disability. The Commission held employer liable for thirty-five percent of employee's disability and found the Second Injury Fund liable for the remainder of the compensation due.

On appeal, both employer and the Second Injury Fund assert the Commission erred in its finding that employee was permanently and totally disabled because there was insufficient evidence on the record to support the finding. Employer also contends that the admission of certain medical exhibits was improper and prejudicial. We affirm these points on appeal in accordance with Rule 84.16(b). We find the order of the Labor and Industrial Relations Commission was supported by competent and substantial evidence on the whole record, as to these points. No error of law appears with reference thereto. An extended opinion would have no precedential value. That part of the appeal is therefore affirmed under Rule 84.16(b).

However, the Second Injury Fund's contention that it had no opportunity to defend itself does have precedential value. The Second Injury Fund filed an answer denying liability for the claim. However, the Fund did not attend any of the depositions, did not attend the hearing, and did not seek a continuance. At the hearing, the Administrative Law Judge stated the liability of the Second Injury Fund was one of the issues. Although employee requested that the claim against the Second Injury Fund remain open, the record does not show any agreement by both parties' counsels to leave the matter of the liability of the Second Injury Fund to a later date. The dismissal of the claim against the Second Injury Fund by the judge also indicates the lack of any agreement.

The Commission found no reason on the record for the Second Injury Fund's failure to appear at trial. The Commission further found it would be unfair to employee to hold a second hearing when there were sufficient facts on the record for a determination of the Fund's liability. The record supports the Commission's findings.

The Second Injury Fund cannot now complain. Its failure to appear at the hearing, request a continuance, or justify its delinquence amounted to a waiver of its rights. This is analogous to the cases where the pleadings are filed, the issues are made up and the cause comes up for trial. The defendant then fails to appear, plaintiff presents evidence, and the court enters judgment for the plaintiff. Such judgments are held to be judgments on the merits. *Ozark Mountain Timber Products, Inc. v. Redus*, 725 S.W.2d 640, 644[1] (Mo.App.1987). The Commission acted within its authority in finding the Second Injury Fund liable.

Judgment affirmed.

GARY M. GAERTNER, P.J., and AHRENS, J., concur.